IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NADIA WINSTON, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:24-CV-00155-SDJ-AGD |
| v. | § | |
| | § | |
| COURTNEY CROY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On January 25, 2024, *pro se* Plaintiff Nadia Winston initiated the instant lawsuit by filing a petition in the Collin County Court at Law asserting claims that allegedly arose from discrimination and retaliation by Defendants (Dkt. #3). On February 22, 2024, Defendants filed a Notice of Removal (Dkt. #1). On February 28, 2024, Defendants filed a Motion to Dismiss Plaintiff's Complaint and, Alternatively, Motion for More Definite Statement (Dkt. #4). On March 5, 2024, the court issued an Order and Advisory, allowing Plaintiff 30 days to amend her complaint to comply with the federal rules if she so desired (Dkt. #5). Plaintiff did not file an amended complaint. On April 27, 2024, the court ordered Plaintiff to file a response to Defendants' Motion (Dkt. #4) within 21 days of receipt of the Order (Dkt. #7). The Order included the following language: "Failure to comply with this Order may result in a recommendation of dismissal of the claims filed by Plaintiff without further notice under Federal Rule of Civil Procedure 41(b)." (Dkt. #7). On May 23, 2024, Plaintiff represented to the clerk's office that she had inadvertently mailed documents for another one of her cases and confirmed that she would resend the response no later than May 24, 2024. Having received no response, on July 11, 2024, the court again ordered Plaintiff to respond to Defendants' Motion within 10 days (Dkt. #8). The Order included the

following language: "Failure to comply with this Order may result in a recommendation of dismissal of the claims filed by Plaintiff without further notice under Federal Rule of Civil Procedure 41(b)." (Dkt. #8). On July 19, 2024, Plaintiff confirmed that she received the July 11, 2024, Order (Dkt. #9). To date, Plaintiff has not responded to Defendants' Motion.

A district court may dismiss an action for failure to prosecute or to comply with any court order. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (quoting FED. R. CIV. P. 41(b)). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court abused its discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979) (citation omitted); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (citation omitted). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (citation omitted).

Here, the court twice ordered Plaintiff to respond to Defendants' Motion to Dismiss (Dkt. #7; Dkt. #8). Plaintiff failed to comply with either Order. Accordingly, the present case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute this case and comply with court orders.[1] FED. R. CIV. P. 41(b); *Isom v. Indio Mgmt. at*

---

[1] Plaintiff has also failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 L. Ed. 2d 929 (2007). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Here, the entirety of Plaintiff's claim for relief states:

> From 09/2022 to currently[,] each defendant[] ha[s] violated the 14th Amendment, discriminated and retaliated against all of my children and also have [sic] lied on my disabled child and cause[d] an arrest from false allegations; worked with TJJD Texas Juvenile Justice System (Dept.) to arrest and fabricate a lie against 10 year old daughter [sic]. From 09/2022 to present Jan. 2024 caused violations of 6th and 14th Amendment[s] violations against child [sic].

*the Everly*, No.4:20-CV-947-SDJ-CAN, 2021 WL 5501786, at *2 (E.D. Tex. Oct. 20, 2021) ("The court recommends the instant suit be dismissed under Rule 41(b) for failure to comply with court Orders and to diligently prosecute."), *report and recommendation adopted*, No.4:20-CV-947-SDJ, 2021 WL 5493377 (E.D. Tex. Nov. 23, 2021); *Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3044433, at *1 (E.D. Tex. July 2, 2021), *report and recommendation adopted sub nom. Ernest Bob Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3032725 (E.D. Tex. July 19, 2021); *Bennett v. Smith Cnty. Jail*, No. 6:21CV010, 2021 WL 930282, at *1 (E.D. Tex. Feb. 5, 2021), *report and recommendation adopted sub nom. Bennett v. Smith*, No. 6:21-CV-00010, 2021 WL 926207 (E.D. Tex. Mar. 10, 2021).

## RECOMMENDATION

For the foregoing reasons, the court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district

---

(Dkt. #3 at p. 6). Because the facts alleged by Plaintiff do not allow "the court to draw a reasonable inference that the defendant is liable for the misconduct alleged," Plaintiff's claims are also properly dismissed under Federal Rule of Civil Procedure 12(b)(6).

court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 20th day of August, 2024.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE